# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 08-1134**                                              **September Term 2009**

**SEC-3-11626**

**Filed On:** October 5, 2009

Christopher H. Zacharias,

     Petitioner

     v.

Securities and Exchange Commission,

     Respondent

------------------------------

Consolidated with 08-1136, 08-1141

> **BEFORE:** Sentelle, Chief Judge, and Ginsburg, Henderson, Rogers, Tatel, Garland, Brown, Griffith, and Kavanaugh, Circuit Judges, and Williams* and Randolph, Senior Circuit Judges

## O R D E R

Upon consideration of petitioner John A. Carley's petition for rehearing en banc, which was joined by petitioner Christopher H. Zacharias, and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the petition be denied.

### Per Curiam

                                  **FOR THE COURT:**
                                  Mark J. Langer, Clerk

              BY:    /s/
                      Michael C. McGrail
                      Deputy Clerk

* A statement by Senior Circuit Judge Williams concurring in the denial of the petition for rehearing en banc is attached.

**No. 08-1134**                               **September Term 2009**

WILLIAMS, *Senior Circuit Judge*, concurring in the denial of en banc:  I write separately to explain why, even though I dissented from the panel opinion on the computation of disgorgement, I do not believe the case appropriate for en banc review.  The primary dispute between the majority and me was over whether petitioners had waived certain arguments and over how our precedent should apply to particular facts.  I do not understand the majority opinion to contest (1) that the SEC is under an initial burden to show a causal relation between its disgorgement calculation and the petitioners' wrongdoing, or (2) that in calculating a disgorgement order the properly estimated value of the wrongdoer's contribution to assets sold should be subtracted from the proceeds of the sale.  See *Zacharias v. SEC*, 569 F.3d 458, 472 (D.C. Cir. 2009) (stating that a disgorgement order "might amount to a penalty if it was not causally related to the wrongdoing at issue" (internal quotation marks omitted)); *id.* at 473 (stating that it was not the Commission's duty "*sua sponte* to calculate the hypothetical value of the options and subtract the value from petitioners' profits"); *id.* at 473 n. 3 (stating that petitioners' argument . . . was not aimed at the Commission's calculation of ill-gotten profits"); compare *id.* at 475 (dissent) (arguing that in a case such as this the Commission should, in computing disgorgement, deduct from the proceeds the value "that petitioners could have legitimately and contemporaneously realized" from their options).   Given apparent agreement on the key principles, I do not believe the case justifies spending the court's limited resources on en banc review.  See *Air Line Pilots Ass'n, Int'l v. Eastern Air Lines, Inc.*, 863 F.2d 891, 925 (D.C. Cir. 1989) (Ginsburg, R.B., J., concurring in denial of rehearing en banc).